ments. No opinion. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

Angell, Van Schaick & Company, Inc., Respondent, v. Birch Building Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

Max Belson, Appellant, v. Ray Belson, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Seeger, JJ.

Alma C. Bennett, Respondent, v. Lawrence Suydam Greene, Appellant.— Order granting plaintiff's motion to set aside the verdict on the ground of inadequacy unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

Alexander Berenson and Harry Pollack, Respondents, v. Joseph O'Neil and Others, Defendants. Frank J. Scalise, Appellant.— Order denying motion of defendant Scalise to be relieved from his bid and for the return of his deposit, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.

Albert K. Buhl, Appellant, v. Jerome F. Collins and Others, Defendants. Otis W. Rowe and Moret Realty Corporation, Respondents.— Order denying motion to vacate order dated January 14, 1928, and directing plaintiff to submit to an examination before the referee appointed pursuant to said order, reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The release in question, being an acknowledged instrument, requires no further proof to entitle defendants to introduce it in evidence; consequently no examination before trial is necessary or proper. Lazansky, P. J., Rich, Young, Seeger and Carswell, JJ., concur.

Edna Conroy, Respondent, v. Frederic De P. Foster and Edward F. De Beixedon, as Executors and Trustees, etc., Defendants, and Benjamin S. Goldsmith and Others, Appellants.— Judgment and order reversed upon the law and the facts, and a new trial granted, costs to appellants to abide the event. By the complaint the plaintiff claimed that the window cleaner was in the employment of defendants Goldsmith. The case was submitted to the jury upon that theory. The finding of the jury that the window cleaner was in the employment of defendants Goldsmith was against the weight of the evidence. Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ., concur.

Addie Cook, Appellant, v. Max Ginsburg, Respondent.— Upon argument, order denying motion to vacate order precluding plaintiff from offering evidence, and to permit plaintiff to serve a bill of particulars, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; plaintiff to serve a bill of particulars within five days after the entry of an order hereon. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

Joseph B. Cook, Appellant, v. Max Ginsburg, Respondent.— Upon argument, order denying motion to vacate order precluding plaintiff from offering evidence, and to permit plaintiff to serve a bill of particulars, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; plaintiff to serve a bill of particulars within five days after the entry of an order hereon. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

Frank Ettinger, Respondent, v. Joseph Agress and Jacob Kravchick,